UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALEEM SULUKI, | * | CIVIL ACTION NO. |
| *Plaintiff* | * | |
| vs. | * | JUDGE: |
| STATE FARM FIRE AND CASUALTY COMPANY, | * | MAGISTRATE: |
| *Defendant* | * | |

**COMPLAINT FOR DAMAGES**

Plaintiff, ALEEM SULUKI (hereinafter, referred to as "Plaintiff"), through undersigned counsel, respectfully submits this Complaint against Defendant, STATE FARM FIRE AND CASUALTY COMPANY (hereinafter, referred to as "Defendant"), and makes the following allegations of law and fact:

**PARTIES**

**1.**

Plaintiff is a person of the full age of majority. Plaintiff is domiciled in the State of Louisiana and resides within the Middle District of Louisiana.

**2.**

Made Defendant herein is STATE FARM FIRE AND CASUALTY COMPANY, that upon information and belief, is a foreign corporation duly organized, incorporated, and existing under the laws of Illinois, with its principal place of business in Bloomington, Illinois. Defendant is authorized to do and doing business in the State of Louisiana as a foreign insurer. Defendant may be served through its registered agent for service in Louisiana: Louisiana Secretary of State: 8585 Archives Avenue, Baton Rouge, LA 70809.

## JURISDICTION AND VENUE

**3.**

This Court has diversity subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties, as set forth above, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

**4.**

This Court has personal jurisdiction over Defendant because Defendant maintains minimum contacts in the State of Louisiana and the claim at issue arises out of Defendant's contacts in the State of Louisiana. Defendant is licensed to do and doing business in the State of Louisiana.

**5.**

Venue properly lies in this Court pursuant to 28 U.S.C. § 1391(b) because the events and circumstances giving rise to the claims stated herein occurred within this district and within the jurisdiction of this Court, and because the property that is the subject of this action is situated within this federal judicial district.

## FACTS

**6.**

At the time of the loss, Defendant insured Plaintiff's property, located at 2100 N 39th St, Baton Rouge, LA 70802 (hereinafter referred to as "**the Property**"). A specific policy number is not identified in this pleading as Defendant has either not yet responded or otherwise denied Plaintiff's request for the production of its policy number.

**7.**

At all times relevant to this matter, Defendant maintained a policy of property insurance providing coverage for the Plaintiff's Property as identified above in ¶ 6[1] (hereinafter referred to as "**the Policy**").

**8.**

Plaintiff timely paid all premiums required for **the Policy** to be in full force and effect on the date of the loss identified herein.

**9.**

**The Policy** was in full force and effect on August 29, 2021, when Hurricane Ida made landfall as a Category 4 hurricane with sustained winds of 150 mph, gusts up to 172 mph, and a minimum central pressure of 929 millibars.

**10.**

**The Policy** covered **the Property** against loss and damage caused by, among other perils, wind and water. **The Policy** required Defendant to pay Plaintiff the cost of all damages to **the Property** caused by Hurricane Ida.

**11.**

The devastating winds, wind-driven rain, and a life-threatening storm surge of Hurricane Ida passed through South Louisiana, causing unimaginable damage to properties across the state, including damage to **the Property**.

**12.**

Widely known publicly available information, namely well-established ratings relied upon by the National Oceanic and Atmospheric Administration's National Hurricane Center,

---

[1] To the extent a specific policy number for the Plaintiff's subject Policy is not identified hereinabove in ¶ 6, this is because some discrepancy still exists as to the correct policy number. Given the unprecedented situation Plaintiff, as well as many Louisiana policyholders find themselves in, suit is being filed with the available information to preserve policyholders' claims before the expiration of the prescription period.

describes the expected damage from a Category 4 Hurricane.

**13.**

Defendant knew or should have known well before Hurricane Ida made landfall exactly what type of devastation to expect from a Category 4 Hurricane:

> Well-built framed homes can sustain severe damage with loss of most of the roof structure and/or some exterior walls. Most trees will be snapped or uprooted and power poles downed. Fallen trees and power poles will isolate residential areas. Power outages will last weeks to possibly months. Most of the area will be uninhabitable for weeks or months. *Saffir-Simpson Hurricane Wind Scale.*

**14.**

Hurricane Ida caused significant damage to **the Property**.

**15.**

In compliance with **the Policy**, Plaintiff timely provided notice of the loss to Defendant and took reasonable steps to mitigate the damage caused by the loss event as soon as reasonably possible.

**16.**

Upon notification of the loss event, Defendant performed an inspection of the damage to **the Property**. However, the adjuster assigned to the claim conducted a substandard investigation and inspection of **the Property**; prepared a report that did not include all the damages that were visible during the inspection; and denied and/or undervalued the damages observed during the inspection.

**17.**

Defendant's inspection constituted satisfactory notice of loss sufficient to provide Defendant with actual knowledge of the scope and extent of the damage to **the Property**.

**18.**

Defendant, directly and/or through its loss consultants and adjusters, had ample opportunity to properly investigate and inspect the damage to **the Property**.

**19.**

Defendant's outcome-oriented investigation of Plaintiff's claim resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses to **the Property** and a grossly inadequate payment to Plaintiff.

**20.**

As a result, Plaintiff was forced to retain independent professionals to determine the scope and cost of damages caused by Hurricane Ida. The professional contractors, adjusters, and/or engineers retained by Plaintiff determined that **the Property** requires more extensive repair and/or replacement due to the damage caused by Hurricane Ida than Defendant estimated.

**21.**

As a result of Defendant's delays, bad faith handling of Plaintiff's claim, and Defendant's choice not to pay the amounts due under **the Policy**, Plaintiff had to retain counsel to bring the claim to a conclusion and final resolution. Plaintiff has also been forced to incur professional expenses, including expert expenses and fees, to show that Defendant chose not to timely pay adequate amounts owed under **the Policy** in connection with Plaintiff's claim.

**22.**

Plaintiff submitted timely proofs of loss to Defendant of the additional amounts due to Plaintiff for covered damages.

**23.**

Despite having received satisfactory proof of the losses and covered damages to **the Property** caused by the Hurricane Ida, Defendant denied and/or underpaid Plaintiff's insurance

claim and breached the insurance contract.

**24.**

Defendant's acts and omissions in failing to pay Plaintiff the actual amounts owed under **the Policy** within sixty (60) days of receiving satisfactory proof of loss is arbitrary, capricious, or without probable cause, and Defendant is in breach of its affirmative duties of good faith and fair dealing.

**25.**

As a result of Defendant's failure and delays to timely adjust and pay the loss amounts due under **the Policy** in response to the damage caused by Hurricanes Ida, Plaintiff has and/or will continue to sustain additional loss and damage and will continue to incur additional cost and expense at increased prices in connection with completion of the repairs.

## CAUSES OF ACTION

**26.**

**A.     Breach of Insurance Contract**

**The Policy** is an insurance contract between Plaintiff and Defendant that provides coverage for the losses resulting from Hurricane Ida.

**27.**

Despite having adequate proof of loss, Defendant chose not to timely tender sufficient funds owed to Plaintiff under **the Policy**.

**28.**

Upon information and belief, Defendant has breached the insurance contract by, among other things:

    (i)    purposely and/or negligently failing to timely tender undisputed insurance proceeds;

(ii) purposely and/or negligently misrepresenting to Plaintiff the terms and conditions of the relevant **Policy**;

(iii) conducting the investigation and claims handling in bad faith; and

(iv) failing to adequately compensate Plaintiff for the damages to **the Property**, as required by **the Policy**.

**29.**

Plaintiff has suffered and will continue to suffer damages as a result of Defendant's breaches of the insurance contract.

**30.**

**B.     Bad Faith Damages for Violations of La. Rev. Stat. § 22:1892 and § 22:1973.**

Defendant violated Louisiana law, specifically, La. Rev. Stat. § 22:1892 and La. Rev. Stat. § 22:1973 in the following ways:

a. Failed to initiate loss adjustment in a timely and meaningful manner after receiving notice of loss.

b. Failed to make a written offer to settle within 30 days of receiving satisfactory proof of loss.

c. Failed to make payment within 30 days of receiving satisfactory proof of loss.

d. Failed to make payment within 60 days of receiving satisfactory proof of loss.

e. Misrepresented pertinent facts or insurance policy provisions relating to coverages at issue.

## DAMAGES

**31.**

As a result of Defendant's breach of contract and violation of La. Rev. Stat. § 22:1892 and La. Rev. Stat. § 22:1973, Defendant is liable to Plaintiff for the following nonexclusive list of past, present, and future damages:

a. All cost of repairs and/or replacement of damages to **the Property**

  resulting from Hurricane Ida;

 b. All past, present, and future general damages suffered by Plaintiff as a result of Defendant's breach, including but not limited to, stress, uncertainty, worry, anxiety, depression, financial distress, mental anguish, frustration, pain, disruption of life, and inconvenience;

 c. A penalty of up to two-times the special and general damages suffered by Plaintiff as a result of the breach;

 d. A penalty of 50% of the amount found to be due at the time of the breach;

 e. Bad faith and/or negligent damages for unlawful adjusting practices, including but not limited to failing to adequately adjust the property damage and/or Plaintiff's claim, misrepresentation of the terms of the policies, purposeful and/or negligent under-scoping of damages leading to a failure to pay the relevant claim and/or underpayment of relevant claim, failure to pay timely for covered damages known to the Defendant or damages the Defendant should have known existed at the time of the original adjustment or inspection, etc., leading to various general and or special damages;

 f. Diminution of the value of **the Property**;

 g. Additional Living Expenses, Loss of Rents, and/or Business Interruption;

 h. Loss and damage due to delays and/or inability to make appropriate repairs as a result of inadequate insurance payments;

 i. Any and all other consequential damages caused by Defendant's breaches;

 j. Attorney fees and costs of these proceedings, and all other costs incurred as a result of Defendant's breaches;

 k. Prejudgment interest at the highest lawful rate from the date of judgment until payment; and

 l. Any and all other damages that are shown through discovery and/or proven at the trial of this matter.

## <u>RELIEF REQUESTED</u>

### 32.

Plaintiff requests a trial by jury.

**WHEREFORE**, the premises considered, Plaintiff, ALEEM SULUKI, prays that:

I. After due proceedings had, there be judgment entered herein in favor of Plaintiff, ALEEM SULUKI, and against the Defendant, STATE FARM FIRE AND CASUALTY COMPANY, for

such sums as may be reasonable under the circumstances of this case, together with legal interest thereon from the date of judicial demand, until paid, and all costs of these proceedings; together with penalties and attorney fees as provided by law; and

II. That Plaintiff, ALEEM SULUKI, be granted all further and different relief as the facts, law, and equity of this case require.

        Respectfully submitted:
        **Law Office of Heather C. Ford LLC**
        *Attorney for Plaintiff*

        */s/ Heather C. Ford*
        **Heather C. Ford - Bar #31377**
        **Law Office of Heather C. Ford LLC**
        **1465 N Broad Street, Ste #200**
        **New Orleans, Louisiana 70119**
        **filing@fordesq.com**
        **504-500-4722 office**
        **504-910-9883 fax**